IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD R. BROWN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | 2:05-cv-859 |
| v. | ) | |
| | ) | |
| CITY OF PITTSBURGH, OFFICER | ) | |
| FAQUAR T. HOLLAND, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Presently before the Court is the MOTION IN LIMINE (*Document No. 60*), with brief in support filed by Defendant police officer Faquar Holland. Plaintiff, Gerald Brown, has filed a BRIEF IN OPPOSITION (*Document No. 62*). The issue is ripe for disposition.

### BACKGROUND

As set forth in the Court's Memorandum Opinion dated January 30, 2007, the incident which gave rise to this civil rights lawsuit occurred on August 9, 2003 in the early afternoon. During half-time of a Steelers exhibition game, Plaintiff Brown went outside to sit on his front porch in the South Oakland area of Pittsburgh. Defendant Officer Holland had been dispatched to the area to investigate an aggravated assault involving juveniles in the neighborhood. When Brown came outside, Holland had arrested a juvenile and placed her in his patrol car and was gathering additional information from the girl's grandmother, who was Brown's next-door neighbor.

Holland claims that Brown made numerous profane comments to him. Brown claims that his initial comments were directed to his neighbor on the other side. Holland testified at Brown's summary appeal hearing in state court that Brown kept repeating: "That's fucked up, that he's arresting that girl." The parties dispute whether Brown's comments were loud. Holland then came onto Brown's porch, hollering and using profanity at Brown, but then went back to his interview. After another exchange of words between them, Holland returned, handcuffed Brown and forced him to sit on his front steps for fifteen to twenty minutes.

After completing his interview, Holland exchanged vehicles with another officer because his patrol car did not have a protective safety screen, and transported Brown to the Allegheny County Jail. Brown allegedly has chronic back pain from a prior surgery, but he was not permitted to take his pain medications with him to the jail. Brown alleges that Holland drove erratically by changing lanes and speeding. Because Brown was not seatbelted, and was handcuffed, he was jostled about in the back seat of the car, which he claims exacerbated his back pain.

Brown was charged with two counts of disorderly conduct – a misdemeanor and a summary offense. When Holland failed to appear at the initial hearing, the District Justice dismissed the charges. Holland refiled the charges, and after a hearing in October 2003, Brown was found guilty of summary disorderly conduct by the District Justice. Brown appealed to the Court of Common Pleas, which after a hearing ruled that Brown's conduct was protected by the First Amendment and the charge was dismissed.

Plaintiff has dropped his claim for malicious prosecution. Therefore, only two issues remain for trial: (1) whether Brown was arrested without probable cause; and (2) whether

Brown was subjected to the use of excessive force while being transported to the Allegheny County Jail.

## DISCUSSION

The instant motion in limine seeks to exclude the fact that the summary disorderly conduct charge against Brown was dismissed after an appeal hearing in the Court of Common Pleas. Brown had been found guilty on that charge by a District Justice. Brown has not filed a motion in limine to exclude the outcome of that proceeding.

Defendant Holland contends that the Common Pleas appeal result is not relevant and would unduly prejudice and confuse the jury because it is based on a different burden of proof. Defendant contends that the Commonwealth's failure to prove Brown's guilt "beyond a reasonable doubt" has no bearing on the question of whether Officer Holland had "probable cause" to effect the arrest. Defendant cites *Heath v. Cast*, 813 F.2d 254 (9th Cir. 1987), in which the Court held that the trial court had not abused its discretion by excluding evidence that the plaintiff in that case had been acquitted.

Plaintiff seeks to distinguish *Heath* on the basis that in this case, "the Common Please judge made a determination of innocence of Mr. Brown." Plaintiff's Brief at 3. This statement illustrates the potential misuse of the evidence, as it misstates the applicable standard and burden of proof. It would certainly be confusing and prejudicial for the jury to be told that a judge had already found Brown "innocent." In fact, the Common Pleas judge granted defense counsel's motion to dismiss on First Amendment grounds.

Plaintiff relies on *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996), for the proposition that the acquittal must be admitted. However, the discussion in *Weyant* is dicta and is based on New York law. Moreover, the discussion in *Weyant* was a brief paraphrase based on *Broughton v. State*, 335 N.E.2d 310, 315 (N.Y. 1975), which explained more fully:

> After the fact judicial participation cannot validate an unlawful arrest; only probable cause existing at the time of arrest will validate the arrest and relieve the defendant of liability. We would note however that evidence of a subsequent arraignment or indictment is admissible as some proof of the presence of probable cause. Moreover, a conviction which survives appeal would be conclusive evidence of probable cause. On the other hand, evidence of a subsequent dismissal, acquittal or reversal on appeal would also be admissible to refute the affirmative defense of justification.

Neither party has cited to Third Circuit precedent on point and the Court's own review has not turned up any such authority. As *Broughton* points out, the key question is whether probable cause existed at the time of the arrest. The outcome of subsequent court proceedings does not resolve that question. A review of the transcript of the proceeding in the Court of Common Pleas reveals that the Judge did ***not*** make any determination as to whether or not Officer Holland had probable cause to effect the arrest. That proceeding has no preclusive effect and is not relevant to the issue which the jury must determine in this case. Fed. R. Evid. 401. The proceeding before the District Justice is also not dispositive of the issue in this case, insofar as the conviction did not survive appeal.

The jury in this civil rights case must determine what happened on August 9, 2003. Evidence regarding the subsequent prosecution will merely distract the jury from that inquiry. The Court finds that any possible relevance would be substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. Fed. R. Evid. 403. However, the granting of Brown's motion to dismiss by the Court of Common Pleas would certainly

become relevant and admissible, in order to give the jury a full and accurate procedural history, if Holland were to "open the door" by reference to the conviction of Brown before the District Justice. In accordance with the foregoing, the MOTION IN LIMINE (*Document No. 60*) filed by Officer Holland is **GRANTED**.

        SO ORDERED this 9th day of July, 2007.

                                  BY THE COURT:

                                  s/Terrence F. McVerry
                                  United States District Court Judge

cc:       Barbara M. Wolvovitz, Esquire
            Email: bmw@fgsmlaw.com

            Bryan Campbell, Esquire
            Email: bryancmpbl@yahoo.com