# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GERALD R. BROWN, JR.,        )
                                     )
               **Plaintiff,**      )     **2:05-cv-859**
    **v.**                        )
                                     )
CITY OF PITTSBURGH, OFFICER     )
FAQUAR T. HOLLAND,         )
                                   )
               **Defendants.**   )

## MEMORANDUM ORDER

Presently before the Court is PLAINTIFF'S MOTION IN LIMINE (*Document No. 77*), which was filed in response to the Court's ruling on the motion in limine filed by Defendant police officer Faquar Holland.  Field has filed a response (*Document No. 82*) and the issue is ripe for disposition.  Jury selection is scheduled to commence on Monday morning.

### BACKGROUND

As set forth in the Court's Memorandum Opinion dated January 30, 2007, the incident which gave rise to this civil rights lawsuit occurred on August 9, 2003 in the early afternoon.  During half-time of a Steelers exhibition game, Plaintiff Brown went outside to sit on his front porch in the South Oakland area of Pittsburgh.  Defendant Officer Holland had been dispatched to the area to investigate an aggravated assault involving juveniles in the neighborhood.  When Brown came outside, Holland had arrested a juvenile and placed her in his patrol car and was gathering additional information from the girl's grandmother, who was Brown's next-door neighbor.

Holland claims that Brown made numerous profane comments to him.  Brown claims that his initial comments were directed to his neighbor on the other side.  Holland testified at Brown's summary appeal hearing in state court that Brown kept repeating: "That's fucked up, that he's arresting that girl."  The parties dispute whether Brown's comments were loud. Holland then came onto Brown's porch, hollering and using profanity at Brown, but then went back to his interview.  After another exchange of words between them, Holland returned, handcuffed Brown and forced him to sit on his front steps for fifteen to twenty minutes.

After completing his interview, Holland exchanged vehicles with another officer because his patrol car did not have a protective safety screen, and transported Brown to the Allegheny County Jail.  Brown allegedly has chronic back pain from a prior surgery, but he was not permitted to take his pain medications with him to the jail.  Brown alleges that Holland drove erratically by changing lanes and speeding.  Because Brown was not seatbelted, and was handcuffed, he was jostled about in the back seat of the car, which he claims exacerbated his back pain.

Brown was charged with two counts of disorderly conduct – a misdemeanor and a summary offense.  When Holland failed to appear at the initial hearing, the District Justice dismissed the charges.  Holland refiled the charges, and after a hearing in October 2003, Brown was found guilty of summary disorderly conduct by the District Justice.  Brown appealed to the Court of Common Pleas, which after a hearing ruled that Brown's conduct was protected by the First Amendment and the charge was dismissed.

Plaintiff has dropped his claim for malicious prosecution.  Therefore, only two issues remain for trial: (1) whether Brown was arrested without probable cause; and (2) whether

Brown was subjected to the use of excessive force while being transported to the Allegheny County Jail.


### DISCUSSION

The instant motion in limine seeks to exclude two documents: (1) the Probable Cause/Criminal Complaint Affidavit; and (2) the Investigative Report of the incident.  The Court will address each document seriatim.

The Probable Cause/Criminal Complaint Affidavit will be excluded.  The face of that document indicates that it was prepared by a "T. Leonard" based "on information received from Officer F.T. Holland of the City of Pittsburgh Bureau of Police Zone Six."  Thus, this document contains a variety of hearsay within hearsay – out-of-court statements made by Leonard based on out-of-court statements conveyed to Leonard by Holland.  Any potential probative value is substantially outweighed by the potential of unfair prejudice, confusion of the issues or misleading the jury.

The Investigative Report is admissible.  Although the jury in this case, rather than Officer Holland himself, must determine whether he had probable cause to effect the arrest of Brown, Fed. R. Evid. 803(8) governs this issue.  Rule 803(8)(C) provides that in civil cases, reports of public offices setting forth "factual findings resulting from an investigation made pursuant to authority granted by law" constitute an exception to the hearsay rule, "unless the sources of information or other circumstances indicate lack of trustworthiness."  In this case, Officer Holland was assigned by a public agency, the City of Pittsburgh Police, to investigate the original assault incident and his investigative report was prepared at the time in the ordinary

3

course of business.  *See also* Fed. R. Evid. 803(6) (business records); *Clark v. Clabaugh*, 20

F.3d 1290, 1294-95 (3d Cir. 1994) (state police investigation report is admissible).  Plaintiff

will have an opportunity at trial to demonstrate that the statements made in the report were

factually untrue.


In accordance with the foregoing, PLAINTIFF'S MOTION IN LIMINE (*Document*

*No. 77*) filed by Officer Holland is **GRANTED IN PART AND DENIED IN PART**.

SO ORDERED this 13th day of July, 2007.



BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge



cc:        Barbara M. Wolvovitz, Esquire
           Email: bmw@fgsmlaw.com


           Bryan Campbell, Esquire
           Email: bryancmpbl@yahoo.com